This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                        **No. 33,753**

**ARTURO ACOSTA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant has appealed from numerous convictions, including aggravated DWI, reckless driving, leaving the scene of an accident, resisting evading or obstructing an officer, and failing to give immediate notice of an accident. We

previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

By his first and third issues Defendant renews his challenge to the sufficiency of the evidence to support his convictions. [MIO 3-5, 7-10] As we previously observed, the State presented ample evidentiary support for the convictions. In his memorandum in opposition we understand Defendant to contend that the State's showing was not sufficiently compelling. However, we cannot re-weigh the evidence on appeal. *See generally State v. Schaff*, 2013-NMCA-082, ¶ 11, 308 P.3d 160 ("The question for us on appeal is whether the district court's decision is supported by substantial evidence, not whether the district court could have reached a different conclusion." (alteration, internal quotation marks, and citation omitted)). We are similarly unpersuaded by Defendant's suggestion that his condition, "[m]erely being a difficult drunk," [MIO 4] is insufficient to support the conviction for resisting, evading, or obstructing an officer. This characterization of the evidence runs afoul

of our standard of review. The district court's findings reflect that the State presented evidence of a struggle: two officers experienced difficulty placing Defendant in handcuffs because Defendant was "resisting" their efforts, and Defendant was ultimately handcuffed only after a third officer provided assistance. [RP 265-66] Although Defendant suggests that he was merely "drunk and unable to maintain his balance," [MIO 4] the district court was at liberty to find otherwise. *See generally State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 ("Fact[]finding frequently involves selecting which inferences to draw." (internal quotation marks and citation omitted)). To the extent that Defendant invites this Court to draw different inferences from the evidence, we must decline the invitation. *See generally State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793 ("[A]s a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence.").

Finally, Defendant renews his challenge to authenticity of the documentary evidence presented by the State to establish his prior DWI convictions. [MIO 5-7] However, the certified copies of judgments and sentences that were presented by the State were properly authenticated, by virtue of the certifications. [MIO 6] *See generally* Rule 11-902(4) NMRA; Rule 11-1005 NMRA. Although Defendant takes issue with the date upon which one of the documents was allegedly filed and suggests

3

that availability of another document is inconsistent with the limited recordkeeping practices of the magistrate court, [MIO 6] we conclude that the district court did not abuse its discretion in rejecting these suggestions of irregularity and determining that the documents were admissible. *See generally State v. Mora*, 1997-NMSC-060, ¶ 53, 124 N.M. 346, 950 P.2d 789 (reviewing a district court's determination relative to the authentication of evidence for abuse of discretion), *abrogation on other grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**IT IS SO ORDERED.**


_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**



_____

**RODERICK T. KENNEDY, Chief Judge**



_____

**MICHAEL D. BUSTAMANTE, Judge**

4